[S. F. No. 2362. Department Two.—July 23, 1903.]

## D. MAGNER, Respondent, v. ROBERT L. CROOKS, and THOMAS A. KEOGH, Trustees, Appellants.

TRUST—INCOME OF BENEFICIARY—PROCEEDINGS SUPPLEMENTARY TO EXECUTION—APPEAL—REVERSAL OF ORDER.—Where it appears that all of the income provided for the support of a beneficiary under a trust for his lifetime, having regard to the mode of life to which he and his family have been accustomed, the manner in which he has been brought up, the habits acquired by him, and his inability, by reason

of his affliction, to support his family, is none too large for the support of himself and those dependent upon him, an order of the court upon proceedings supplementary to execution, taking part of such income for his judgment creditors, will be reversed upon appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco upon proceedings supplementary to execution. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Ira D. Orton, and Henry E. Monroe, for Appellants.

Martin Stevens, for Respondent.

HENSHAW, J.—This is an appeal from an order made and entered by the trial court in proceedings supplementary to execution. Plaintiff had obtained a judgment against defendant Crooks. Execution was issued and returned unsatisfied. Plaintiff then made affidavit that John T. Harmes and Jonathan J. Crooks held in their possession property of the judgment debtor, and the court made its order requiring Crooks and Harmes to appear and answer concerning any such property. It appeared from the testimony that one-eighth part of the estate of Susan Crooks, deceased, who was the mother of defendant Robert L. Crooks, was distributed to Jonathan J. Crooks as trustee upon the trust to pay to Robert L. Crooks monthly, during his lifetime, the income derived from this one-eighth portion of the estate, and upon his death the one-eighth portion to go to the living children of Robert L. Crooks. The income amounted to the monthly sum of about one hundred and sixty dollars. The court adjudged that one hundred dollars a month was sufficient for the support of Robert L. Crooks and his family; that twenty dollars a month would be sufficient to pay all costs, expenses, and charges of administering the trust; and that the sum of forty dollars a month should be impounded and paid upon plaintiff's judgment.

The proceeding was had under section 859 of the Civil Code, which provides that "Where a trust is created to receive the rents and profits of real property, and no valid direction for

accumulation is given, the surplus of such rents and profits, beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created, is liable to the claims of the creditors of such person in the same manner as personal property which cannot be reached by execution.'' This provision of the code is taken from the statutes of New York. (1 N. Y. Rev. Stats., 729, sec. 57.) In that state it has received judicial construction. In *Kilroy* v. *Wood*, 42 Hun, 636, the court says: ''It has been held in a series of cases that a judgment creditor is entitled to the proportion of the income beyond what is necessary for the suitable support and maintenance of a *cestui que trust* and those dependent on him. And in determining what is a proper amount to be allowed for his expenditures, it must be regarded as. proper to consider the manner in which he has been brought up, the habits acquired by him, and his ability to take care of his property.''

. In this case it appears that Robert L. Crooks is married, and has an invalid wife and two small children. He himself is afflicted with Bright's disease. His wife constantly requires the attention of a physician. The monthly rental of their house is $37.50, and, the wife being an invalid, it is necessary for them to employ, and they do employ, two servants, to each of whom is paid twelve dollars a month. One of the children attends a private school, the cost of which is four dollars a month. The defendant is the son of a wealthy mother, now deceased, and during the eight or nine years of his married life has been accustomed to live at the rate of from three hundred dollars to six hundred dollars a month. Before his marriage he was brought up in a home of wealth, surrounded by luxury. The testimony of the wife is, that it will take two hundred and fifty dollars or three hundred dollars a month properly to support the family and educate the children, and pay the ordinary current expenses.

Against all this evidence the only testimony amounting in the slightest to a contradiction of it is, that upon one occasion the husband stated to another creditor that he could live upon seventy-five dollars a month. This alleged statement is positively denied by the defendant. What the truth may be, it is unnecessary to determine. It is certainly clear, having re-

gard to the mode of life to which the defendant and his family have been accustomed, the manner in which he has been brought up, the habits acquired by him, and his inability by reason of his affliction to contribute personally to the support of his family, that the net amount of the income of the trust is none too large for the support of himself and those dependent upon him.

The order of the court is therefore reversed.

McFarland, J., and Lorigan, J., concurred.